**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:08-CR-066-01 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| WALTER SANTIAGO | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Presently before the court is a motion (Doc. 151) for credit for prior custody pursuant to 18 U.S.C. § 3585, filed by defendant Walter Santiago ("Santiago"), an inmate currently incarcerated at F.C.I. Fort Dix, Fort Dix, New Jersey. Santiago challenges the Bureau of Prisons' ("BOP") calculation of his federal sentence. For the reasons set forth below, the motion will be dismissed for lack of jurisdiction.

## I.    BACKGROUND

On February 7, 2008, Santiago was arrested by Dauphin County law enforcement officials in Harrisburg, Pennsylvania and charged with conspiracy to possess with intent to deliver a controlled substance and possession with intent to deliver a controlled substance. (Doc. 156 at 12). Based on the conduct that resulted in Santiago's arrest, a three-count federal indictment was filed on February 13, 2008. (Doc. 1; Doc. 156 at 6). The Dauphin County charges were nol prossed at a later date,[1] as a result of the federal indictment. (Doc. 156 at 2, 12, 19).

---

[1] The exact date that the Dauphin County charges were withdrawn is not clear. The presentencing report indicates the state charges were withdrawn on February 20, 2008. (Doc. 156 at 12). A memorandum from a sentence classification and computation technician at the BOP indicates the charges were withdrawn on

At the time of his arrest and indictment Santiago was on probation for a 2002 drug offense in Lebanon County. When the Dauphin County charges were dropped, Santiago was turned over to Lebanon County officials on March 12, 2008, pursuant to a probation detainer. (Id. at 32). On July 2, 2008, Santiago was sentenced to serve two to twenty-two months on a probation violation. (See id. at 34).

On the federal charges, Santiago pled guilty to a superseding federal indictment pursuant to a written plea agreement on July 24, 2008. (See Docs. 70-71). By plea agreement, Santiago waived his rights to appeal his conviction and sentence and challenge the conviction and sentence in collateral proceedings. (Doc. 52-3 at 22). Santiago was sentenced to 108 months imprisonment on April 16, 2009. (Doc. 141).

Santiago remained in the custody of Lebanon County prison from March 12, 2008 until June 24, 2009, in order to serve his probation violation sentence. On June 24, 2009, the Lebanon County Court of Common Pleas granted Santiago's parole application for his probation violation, and he was turned over to federal marshals on June 25, 2009. (Doc. 156 at 34-35, 37). In calculating Santiago's sentence the BOP gave Santiago prior custody credit for the period of February 8, 2008, the date of his arrest by Dauphin County officials, to March 11, 2008, the day prior to his transfer to Lebanon County officials, however, the BOP did not give Santiago prior

February 30, 2008. (Id. at 19). This later date is clearly incorrect as no such date exists.

custody credit for the period he spent in the custody of Lebanon County serving his probation violation sentence.[2]  (Doc. 156 at 1).

Santiago filed this motion on June 8, 2010, requesting prior custody credit pursuant to 18 U.S.C. § 3585 for the period from February 8, 2008 to June 24, 2009 (approximately 17 months) when he was in the custody of Dauphin County, and later Lebanon County officials.  The court issued an order (Doc. 152) directing the government to respond to the motion, and the government filed a letter response (Doc. 156) on July 28, 2010.  The matter is now ripe for disposition.

## II.    **DISCUSSION**

The Attorney General, who is responsible for computing federal sentences, see 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329, 331-32 (1992), has delegated his authority to compute sentences to the Director of the BOP.  28 C.F.R. § 0.96.  Sentence computation is a two-step process.  Pursuant to 18 U.S.C. § 3585, first, the BOP determines the date on which the federal sentence commences, and second, the BOP considers any credit to which the defendant may be entitled. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996).  Section 3585 states as follows:

_____

[2]  The basis for this information is the government's reply (see Doc. 156) and attached exhibits.  Santiago's motion does not indicate that he appealed his sentence calculation to the BOP.

(a) Commencement of sentence.– A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.– A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other change for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

In the instant matter, the court lacks jurisdiction over Santiago's request for prior custody credit. Santiago's motion, which requests a 17-month credit for time spent in local law enforcement custody prior to being turned over to federal custody, in essence, attacks the computation of his sentence by the BOP. The appropriate vehicle for such an attack is a 28 U.S.C. § 2241 petition for writ of habeas corpus. See White v. United States, No. Crim. A. 94-255-1, 1996 WL 706604 at *2 (E.D. Pa. Dec. 4, 1996) (denying prisoner's motion for credit for prior custody and finding § 2241 to be the appropriate vehicle for the challenge but noting that the court lacked jurisdiction because prisoner was incarcerated in a different district); King v. Lindsay, No. 1:07-CV-00375, 2007 WL 2028862 at *1 (M.D. Pa. July 11, 2007) (noting § 2241 is the appropriate vehicle to challenge a sentencing credit determination by the BOP); see also United States v. Jack, 774 F.2d 605, 607

4

& n.1 (3d Cir. 1985); <u>United States v. Grimes</u>, 641 F.2d 96, 99 (3d Cir. 1981) (rejecting

a prisoner's 28 U.S.C. § 2255 claim that he was entitled to federal credit for time

spent serving state sentences and stating the claim should be made by way of writ

of habeas corpus pursuant to 28 U.S.C. § 2241).

A § 2241 petition is properly brought against Santiago's custodian—the

warden of his prison—not the United States. <u>White</u>, 1996 WL 706604 at *2 (citing

<u>Yi v. Maugans</u>, 24 F.3d 500, 507 (3d Cir. 1994)). Santiago is currently imprisoned at

Fort Dix in New Jersey. Therefore, the United States District Court for New Jersey

is the appropriate court to exercise jurisdiction over Santiago's custodian, and

hence Santiago's petition for writ of habeas corpus challenging the BOP's

calculation of prior custody credit. <u>Grimes</u>, 641 F.2d at 99 n.7; <u>White</u>, 1996 WL

706604 at *2; <u>King</u>, 2007 WL 2028862 at *1 (proper district for § 2241 petition is the

district where petitioner is imprisoned).

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Santiago's motion (Doc. 151) for credit for prior

custody pursuant to 18 U.S.C. § 3585 will be dismissed for lack of jurisdiction.

An appropriate order follows.


　　　　　　　　　　　　 S/ Christopher C. Conner
　　　　　　　　　　　　 CHRISTOPHER C. CONNER
　　　　　　　　　　　　 United States District Judge


Dated:　　　　November 3, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:08-CR-066-01** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **WALTER SANTIAGO** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 3rd day of October, 2010, upon consideration of the motion (Doc. 151) for credit for prior custody, filed by defendant Walter Santiago on June 8, 2010, and of the response (Doc. 156) filed by the government, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 151) is DISMISSED for lack of jurisdiction.

    S/ Christopher C. Conner    
CHRISTOPHER C. CONNER
United States District Judge